**Junet Jean CAIDOR, Plaintiff–Appellant,**

v.

**CHASE MANHATTAN BANK, Plan Administrator, CIGNA Life Insurance Company, Liberty Life Insurance Company, Defendants–Appellees.**

**Docket No. 01–7816.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2002.

———

Junet Jean Caidor, Syracuse, NY, pro se.

Aaron J. Schindel, Esq., Proskauer Rose LLP, New York, NY, for appellees.

Present WALKER, Chief Judge, SACK and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Junet Jean Caidor, *pro se*, appeals from the June 12, 2001 district court judgment granting the defendants' motions for summary judgment and dismissing Caidor's complaint filed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

Caidor's appeal stems from the denial of his application for Long Term Disability ("LTD") benefits under the Long Term Disability Plan ("Plan") provided by his former employer, Chase Manhattan. Caidor filed a claim for long term disability benefits claiming to be "totally disabled" as of November 1993, due to a pituitary condition and stress-related illnesses. The Plan defines a "totally disabled" employee as one who is unable to perform his regular duties for twenty-four months beyond the six-month waiting period and is unable to engage in any gainful employment for which he is reasonably qualified during any subsequent period. Benefits for disabilities based on mental disorders are limited to two years. *See* Plan § 2.23. After reviewing the medical evidence, the Plan administrator, CIGNA, determined that Caidor was disabled due to a mental disorder. After two years, CIGNA determined that Caidor had not shown that he was physically disabled and, thus, terminated his benefits.

On appeal, Caidor argues that: (1) the arbitrary and capricious standard should not be applied because CIGNA had a conflict of interest which alters the standard of review; (2) the decision to deny him LTD benefits for his pituitary condition was arbitrary and capricious; (3) the LTD plan was ambiguous in that it did not

"address the question of whether a disability with mental and physical symptoms and an unclear etiology is considered a 'mental illness'"; (4) the Plan requires benefits to continue without interruption if the employee suffers from different disabilities during a period of "total disability"; and (5) the district court failed to decide his business accident insurance and tuition reimbursement claims.

Where, as here, the plan administrator or fiduciaries are given discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the district court will not disturb the administrator's findings unless they are arbitrary and capricious. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110–12, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). We review *de novo* the district court's grant of summary judgment based on its conclusion that a plan administrator did not act in an arbitrary or capricious manner. *See Miller v. United Welfare Fund,* 72 F.3d 1066, 1070–71 (2d Cir.1995).

■ We reject Caidor's argument that the district court should have reviewed the administrator's denial of his benefits *de novo* because CIGNA had a conflict of interest at the time it denied him benefits. Caidor failed to show that any conflict of interest existed. Furthermore, under the law of this Circuit, a conflict of interest does not alter the standard of review, unless the conflict is shown to have influenced the administrator's decision. *See Sullivan v. LTV Aerospace & Def. Co.,* 82 F.3d 1251, 1255 (2d Cir.1996); *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995).

We find that CIGNA's decision to deny Caidor LTD benefits for his pituitary condition was supported by substantial evidence indicating that this condition would not render him totally disabled for more

706

than six months, if at all. Therefore, he failed to satisfy the Plan's definition of total disability, and the discontinuance of benefits was appropriate.

■ Caidor argues that the Plan was ambiguous in its definition of mental disabilities, and therefore any mental disorders stemming from his physical condition should be considered physical, not mental. We find no evidence in the record indicating that Caidor's pituitary condition was the cause of his disabling mental disorder. Furthermore, the district court correctly rejected Caidor's argument that ambiguous terms should be read against the administrator under the rule of *contra proferentum*. The *contra proferentum* rule does not apply to plans, such as this one, that are reviewed under the arbitrary and capricious standard. *See Pagan,* 52 F.3d at 443–44 (citations omitted).

■ We also reject Caidor's argument that the Plan's terms dictate that disability benefits must continue if the employee suffers from any illness during the period of total disability that extends beyond the end of the total disability. The provision cited by Caidor allows for uninterrupted disability benefits for any new illness that results in a total disability, thereby avoiding a lapse in benefits during the Plan's six-month waiting period. Because Caidor does not have any totally disabling illnesses, this provision is not applicable to him.

Finally, Caidor's claim that the district court erred by failing to consider his business accident insurance and tuition reimbursement claim lacks merit. In November 1998, Caidor agreed to dismiss all of his claims except his ERISA benefits claim under the LTD plan. Therefore, no business accident insurance or tuition reimbursement claims were pending when Chase moved for summary judgment.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.